```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 10/3/2024
```

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-------------------------------------------------------------------X
ALEXANDER WHEELER,

                         Plaintiff,

             -against-

BRAC INTERNATIONAL.,

                     Defendant.
-------------------------------------------------------------------X

      **23-CV-9509 (GHW) (KHP)**

      <u>**ORDER ON MOTIONS TO STRIKE**</u>
                  <u>**AND SEAL**</u>

**KATHARINE H. PARKER, United States Magistrate Judge:**

      Plaintiff Alexander Wheeler, ("Plaintiff" or "Wheeler") brings this action against Stichting BRAC International, ("Defendant" or "BRAC International") asserting claims for negligent supervision, misconduct, infliction of emotional distress, negligent retention, fraud, and fraudulent inducement, arising out of Wheeler's work placement at BRAC Sierra Leone. Following extensive jurisdictional discovery, Plaintiff filed a Second Amended Complaint, ("SAC") on July 11, 2024, which attached a significant number of exhibits obtained or produced during that limited discovery period. Defendant has filed a motion to strike portions of SAC, along with all of the attached exhibits. Plaintiff has moved to unseal "Exhibit B" to the SAC, which was initially filed under seal for Defendant's benefit. For the reasons set forth below, Defendant's motion to strike is DENIED in part and GRANTED in part. Plaintiff's motion to unseal Exhibit B to the complaint is DENIED as moot.

<b>BACKGROUND</b>

      Defendant BRAC International is an international non-profit which is headquartered in the Netherlands. SAC ¶ 31. On October 1, 2018, Plaintiff was hired as a Development Associate by BRAC USA, Inc. ("BRAC USA") to work in its New York City headquarters. SAC ¶

186.  Plaintiff worked at BRAC USA for roughly two years.  On December 16, 2020, Plaintiff was offered an opportunity to work for BRAC International's subsidiary organizations in West Africa, BRAC Sierra Leone and BRAC Liberia.  SAC ¶ 192.   On January 28, 2021, Plaintiff began his work on behalf of BRAC in West Africa.  SAC ¶ 216.  Plaintiff alleges that he soon became aware of widespread sexual abuse and financial fraud perpetrated by the leadership of BRAC Sierra Leone.  SAC ¶ 233.  Plaintiff alleges that although he raised these issues with supervisors, no action was taken against the perpetrators, and instead he was directed to conduct a self "investigation" and actively participate in potential fraud.

**PROCEDURAL HISTORY**

On April 7, 2023, Plaintiff filed suit against BRAC USA in the Supreme Court of New York.  ECF No. 1.  On May 24, 2024, Plaintiff amended the complaint to add BRAC International as a Defendant.  *Id.*  On October 2, 2023, the Honorable Richard Latin of the Supreme Court of New York issued a decision granting BRAC USA's motion to dismiss the complaint, which preserved the claims against BRAC International.  *Id.*  On October 30, 2024, BRAC International filed a notice of removal to the Southern District of New York.  *Id.*

On January 4, 2024, the parties appeared before the undersigned for a case management conference at which Defendant indicated it intended to file a motion to dismiss the complaint for lack of personal jurisdiction under Federal Rule of Civil Procedure 12(b)(2).  In advance of that motion, this Court ordered the parties to exchange discovery on issues of personal jurisdiction.  ECF No. 19.  Following the completion of personal jurisdiction discovery, Plaintiff filed a Second Amended Complaint ("SAC") on July 11, 2024.  ECF No. 34.  Plaintiff

attached numerous exhibits to the SAC, including: 1) the entire 270-page transcript of the deposition of Defendant's 30(b)(6) witness (the "Transcript"), 2) all 58 exhibits that were introduced at that deposition, (the "Deposition Exhibits")  3) an affirmation from Shameran Abed, Executive Director for BRAC International, (the "Abed Affirmation") and 4) an affidavit from Jess Hagler, a former employee of both BRAC entities, (the "Hagler Affidavit").  These four categories of attachments are labeled Exhibits A, B, C, and D, respectively.   All of the documents contained in Exhibit B were filed under seal.

Defendant now moves to strike all exhibits attached to the SAC under Rule 12(f) and Rule 8(a), along with the allegations that incorporate those documents. Specifically, Defendant moves to strike paragraphs 20-26, 67, 82, 86-137, and 150-178.   Plaintiff moves to unseal the documents it attached as Exhibit B.   On September 18, 2024, the parties appeared for another case management conference before the undersigned.  At the conference, counsel for the Plaintiff consented to withdraw Exhibits A (the Transcript) and Exhibit C (the Abed Affirmation).

**LEGAL STANDARDS**

1. *Motion to Strike*

Under Rule 12(f), "[t]he court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter."  Fed. R. Civ. P. 12(f).  "To prevail on a Rule 12(f) motion to strike, a party must demonstrate ... (1) [that] no evidence in support of the allegations would be admissible; (2) that the allegations have no bearing on the issues in the case; and (3) that to permit the allegations to stand would result in prejudice to the movant." *Winklevoss Capital Fund, LLC v. Shrem*, 351 F. Supp. 3d 710, 721 (S.D.N.Y. 2019)

(alteration and internal quotation marks omitted).  In evaluating a Rule 12(f) motion, courts should not "strike a portion of the complaint on the grounds that the material could not possibly be relevant on the sterile field of the pleadings alone." *Lipsky v. Commonwealth United Corp.*, 551 F.2d 887, 893 (2d Cir. 1976).  "As such, motions to strike are viewed with disfavor and infrequently granted." *Winklevoss*, 351 F. Supp. 3d at 722 (internal quotation marks omitted).  "Inappropriately hyperbolic allegations, ill-conceived attempts at levity, and other similar manifestations of bad judgment in drafting pleadings, by themselves, fall short of the threshold that Rule 12(f) contemplates." *Tucker v. Am. Int'l Grp., Inc.,* 936 F. Supp. 2d 1, 15–16 (D. Conn. 2013)

Under Rule 8(a)(2), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Therefore, a complaint's statement of claim should not be prolix (lengthy) or contain unnecessary details. *Crumell v. City of New York*, No. 23-CV-2042 (LTS), 2023 WL 2974199, at *3 (S.D.N.Y. Apr. 13, 2023)(citing *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988)).  The purpose of the rule is to avoid "an unjustified burden on the court and the party who must respond to it because they are forced to select the relevant material from a mass of verbiage." *Thompson v. Lemon*, No. 23-CV-2102 (LTS), 2024 WL 1861155, at *3 (S.D.N.Y. Apr. 29, 2024)

## DISCUSSION

### 1.  Motion To Strike

Plaintiff's initial complaint in New York Supreme Court was 35 pages long.  ECF No. 1-1. Plaintiff's First Amended Complaint, also filed in State Court, was 50 pages long.  ECF No. 1-2.

At the close of jurisdictional discovery, the parties reported in a joint status letter that 630 pages of documents had been produced, and that the 30(b)(6) deposition transcript totaled 270 pages. ECF No. 30. Defendant consented to the filing of the SAC to insert additional facts relevant to personal jurisdiction issues, and noted its continued intent to file a motion to dismiss pursuant to Rule 12(b)(2). *Id.*

This Second Amended Complaint is 79 pages long, and accompanied by more than seven hundred pages of attachments. ECF Nos. 34, 36. Exhibit A, the Transcript, is 272 pages long. ECF No. 34-1. The Abed Affirmation and the Hagler Affidavit total 24 pages. ECF No. 34-3&4. Exhibit B contains more than 471 pages of evidence, across 56 documents, that were obtained during the jurisdictional discovery in anticipation of Defendant's proposed motion to dismiss for lack of personal jurisdiction under Rule 12(b)(2). ECF No. 36. The largest documents within that set include an internal strategy document (all 72 pages), and the terms of a grant to BRAC International and associated entities (62 pages). *Id.*

### a. The Deposition Transcript and the Abed Affirmation (Exhibits A and C to Amended Pleading)

As discussed above, at the September 18, 2024 case management conference, Plaintiff consented to withdrawing the Deposition Transcript and the Abdel Affidavit, reserving the right to maintain any allegations in the SAC which derive from facts learned from the Transcript and the Abed Affirmation. Courts routinely allow the Plaintiff to amend the complaint to maintain the factual allegations describing facts in the stricken documents. *See e.g., Kidder v. Hanes*, 2023 WL 2992032, at *4 (W.D.N.Y. Apr. 18, 2023). Therefore, Defendants' motion to strike is GRANTED as to Exhibits A and C, and to paragraphs 23, 25, and 69 of the complaint, which are

allegations that purport to incorporate those exhibits into the complaint. Other allegations which are derived from information contained in those exhibits may be retained without citation to the Exhibit. *See Kidder,* 2023 WL 2992032.

### b. The Deposition Exhibits and the Hagler Affidavit (Exhibit B to the Amended Pleading)

In its Rule 12(f) motion, Defendant argues that the exhibits are all improper attachments under Rule 10(c). Rule 10(c) provides that "a copy of a written instrument that is an exhibit to a pleading is a part of the pleading for all purposes." Fed. R. Civ. P. 10(c). In essence, Defendant argues that if an attachment to a pleading is not a "written instrument" for the purposes of Rule 10(c), the attachment is therefore also "redundant, immaterial, impertinent, or scandalous" for the purposes of Rule 12(f). *Compare* Fed. R. Civ. P. 10(c) with Fed. R. Civ. P. 12(f). While Courts often consider the Rule 10 and Rule 12 standards together, particularly when excluding and striking evidence from consideration of a Motion to Dismiss under Rule 12(b)(6), a filing may run afoul of one rule but not the other.

Here, Rule 12(f) is not clearly applicable. The Deposition Exhibits and Hagler Affidavit contain evidence and factual allegations that are directly relevant to the question of personal jurisdiction over BRAC International. In an inverse of the Rule 12(f) analysis, the allegations derived from those exhibits 1) have evidence to support them, 2) have bearing on the anticipated issue of personal jurisdiction, and 3) prejudice Defendant only insofar as they purport to incorporate 500 pages of extrinsic evidence as additional allegations requiring a response.

The cases cited by Defendant involve somewhat different factual scenarios – and primarily address Rule 10(c).  First, in *Smith v. Hogan*, the Second Circuit held an affidavit attached to a complaint could not be considered when deciding a 12(b)(6) motion because the affidavit was not "a written instrument."  794 F.3d 249, 254 (2d Cir. 2015).  Critically, whereas a Court is limited to the pleadings when deciding a motion under Rule 12(b)(6), "in resolving a motion to dismiss for lack of personal jurisdiction pursuant to Rule 12(b)(2), a district court may consider materials outside the pleadings." *Trisvan v. Heyman*, 305 F. Supp. 3d 381, 391 (E.D.N.Y. 2018).  Therefore, in *Smith*, the District Court was barred from consideration of the affidavit, unlike here, where Plaintiff may present evidence in support of its jurisdictional allegations.  Even in *Smith*, the Second Circuit acknowledged that "this Court has permitted the consideration of other documents, apart from written instruments under Rule 10(c), at the motion to dismiss stage" including such as documents that the Plaintiff either possessed or knew about when bringing the suit. *Smith*, 794 F.3d at 254.

Defendants also cit *Smith*, *Ong v. Chipotle Mexican Grill, Inc.*, which involved a similar scenario where Defendants sought to strike an expert declaration attached to the complaint while moving to dismiss under Rule 12(b)(6).  294 F. Supp. 3d 199, 223 (S.D.N.Y. 2018).  The Court granted the motion to strike the declaration, but denied the motion insofar as it sought to strike the allegations that relied on the declaration.  *Id.* at 224. The Court also noted that "most fundamentally" the Declaration at issue was drafted for the purposes of the underlying litigation, meaning Plaintiff could not have relied on it when bringing suit.  *Id.*  Unlike in the *Smith, Ong* case, here, in addition to the proposed 12(b)(2) motion that necessitated

jurisdictional discovery, the Deposition Exhibits attached as Exhibit B to the Amended Pleading were not drafted in anticipation of this litigation.

The remaining recent opinions from Circuit cited by Defendants applying Rules 12(f) and 10(c) together similarly involved exclusion of attached exhibits from consideration during a Rule 12(b)(6) motion. *See Jackson v. Nassau Cnty.,* 552 F. Supp. 3d 350, 365 (E.D.N.Y. 2021)((citing *Lynch v. City of New York*, 952 F.3d 67, 79 (2d Cir. 2020)). Notably, the Court in *Jackson* also allowed the Plaintiff to rely on the stricken materials when drafting allegations, albeit without incorporating the underlying documents themselves in to the Complaint. *Jackson*, 552 F. Supp. 3d, 367.

In short, none of the cases cited by Defendant make it clear that all attachments to a complaint which are not written instruments are *per se* improper under Rule 12(f) or Rule 10(c). The Court declines to expand the unsettled limitations of 10(c) and 12(f) here. Even if the attachments themselves are stricken, it is clear that Plaintiff may include allegations based on extrinsic evidence, even where the underlying documents may not be considered on a motion to dismiss under Rule 12(b)(6). Therefore, Defendant's motion to strike paragraphs 82, 86-137, and 150-178, are DENIED insofar as those allegations reflect information contained in documents not otherwise incorporated to the complaint.

Although Rule 8(a)'s requirement of a "short and plain statement" is a minor part of Defendant's motion, it is the most compelling argument for striking the attached documents. Incorporating the entirety of the remaining 400-plus pages of exhibits into the complaint would "do considerable damage to Rule 8(a)'s notice requirement," as Defendants would have to

determine what parts – if any – of the documents raise allegations not explicitly mentioned in the complaint.  *Smith*, 794 F.3d at 255.  It is well within the Court's discretion to dismiss the pleading pursuant to Rule 8 for its length alone.  *Rubin v. New York City Bd. of Educ.,* 2023 WL 1972729, at *9 (S.D.N.Y. Jan. 6, 2023)(collecting cases dismissing complaints  as "short" as 57 pages up to 144 pages.)  Therefore, the Court GRANTS the motion to strike the underlying Deposition Exhibits, (ECF No. 36), the Hagler Affirmation (ECF No. 34-4), and paragraphs 20-26 & 67 of the SAC, which purport to incorporate those exhibits.  This decision is without prejudice to Plaintiff reintroducing some of these exhibits in opposition to a motion to dismiss under Rule 12(b)(2), and does not strike any allegations from the SAC which are merely derived from facts contained in those documents.

### 2.  Motion To Unseal Exhibit B

Insofar as the Court has determined that Exhibit B will be stricken, Plaintiff's motion to unseal Exhibit B to the Amended Pleading is DENIED as moot.  In addition, the Court advises the parties that cursory sealing motions are disfavored.  Plaintiff's motion to unseal all 56 documents in Exhibit B was six sentences long.  Defendant's opposition generally averred that all of the documents are not "judicial documents" since they were obtained or prepared during jurisdictional discovery.  Defendants also argued that the entire set includes "non-public financial and organizational information, agreements, and investigations, which are privacy interests," but did not articulate what privacy interests would attach to any specific document. In short, neither party's submission was sufficient for the Court to make the required "specific, on the record findings. . . demonstrating that closure is essential to preserve higher values and

[sealing] is narrowly tailored to serve that interest." *Lugosch*, 435 F.3d at 120. In the event that the parties submit confidential materials in support of or opposition to the forthcoming motion to dismiss, they shall submit an Appendix to any motions to seal which list each document, a brief description of the document, and include a brief explanation why each individual document should be sealed so that the Court can make specific findings.

**CONCLUSION**

For the reasons stated above, Defendant's Motion to Strike is GRANTED in part and DENIED in part. Specifically, ECF Nos. 34-1, 34-2, 34-3, 34-4, and all documents and attachments at ECF No. 36 are stricken. Paragraphs 20-26, 67, and 69 of the Second Amended Complaint are also stricken. Defendant's motion is DENIED as to paragraphs 82, 86-137, and 150-178. Plaintiff's motion to unseal the documents at ECF No. 36 is DENIED as moot.

IT IS FURTHER ORDERED that **WITHIN SEVEN (7) DAYS FROM THE DATE OF THIS ORDER**, Plaintiff is directed to file a third amended complaint that omits the stricken exhibits and any reference to them in the body of the complaint, along with a redline version (filed as an attachment) reflecting the changes. Plaintiff is not permitted to amend his pleadings to remedy any other deficiencies; rather, the third amended complaint is to reflect the Court's rulings, consistent with this Order.

All deadlines for the pending motion to dismiss are extended by 14 days. Defendant's initial motion to dismiss is due by November 1, 2024, Plaintiff's opposition is due by December 2, 2024, and any reply is due by December 23, 2024.

**SO ORDERED.**

10

DATED:      New York, New York
              October 3, 2024

_____
KATHARINE H. PARKER
United States Magistrate Judge