USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 7/6/2025

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------- X
      :
ALEXANDER WHEELER,      :
      :
                                       Plaintiff,    :      1:23-cv-9509-GHW-KHP
      :
                                            -v-           :      <u>ORDER</u>
      :
BRAC INTERNATIONAL,      :
      :
                                      Defendant.   :
      :
-------------------------------------------------------------------- X

GREGORY H. WOODS, United States District Judge:

        On June 18, 2025, Magistrate Judge Katharine H. Parker issued a Report and Recommendation on Defendant's pending motion to dismiss the Third Amended Complaint (the "R&R") recommending that the Court grant Defendant's motion. Dkt. No. 71 (R&R). In that R&R, Judge Parker concluded that the laws of West Africa, not New York, apply to Plaintiff's claims and that, in any event, Plaintiff failed to adequately plead his claims under New York law. *See generally id.*

        A district court reviewing a magistrate judge's report and recommendation "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). Parties may raise specific, written objections to the report and recommendation within fourteen days of receiving a copy of the report. *Id.*; *see also* Fed. R. Civ. P. 72(b)(2); R&R at 42 ("Plaintiff and Defendant shall each have fourteen days from this date to file written objections pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b)."). The Court reviews for clear error those parts of the report and recommendation to which no party has timely objected. 28 U.S.C. § 636(b)(1)(A); *Lewis v. Zon*, 573 F. Supp. 2d 804, 811 (S.D.N.Y. 2008).

        No objection to the R&R was submitted within the fourteen-day window. The Court has

reviewed the R&R for clear error and finds none. *See Braunstein v. Barber*, No. 06 Civ. 5978 (CS) (GAY), 2009 WL 1542707, at *1 (S.D.N.Y. June 2, 2009) (explaining that a "district court may adopt those portions of a report and recommendation to which no objections have been made, as long as no clear error is apparent from the face of the record"). Therefore, the Court accepts and adopts the R&R in its entirety. Accordingly, Defendant's motion to dismiss is granted.

Judge Parker's R&R does not make a recommendation regarding leave to amend. In this circuit, "[i]t is the usual practice upon granting a motion to dismiss to allow leave to replead." *Cortec Indus., Inc. v. Sum Holding L.P.*, 949 F.2d 42, 48 (2d Cir. 1991); *see also* Fed. R. Civ. P. 15(a)(2) ("The court should freely give leave [to amend] when justice so requires."). However, leave to amend may be denied "for good reason, including futility, bad faith, undue delay, or undue prejudice to the opposing party." *TechnoMarine SA v. Giftports, Inc.*, 758 F.3d 493, 505 (2d Cir. 2014) (quoting *McCarthy v. Dun & Bradstreet Corp.*, 482 F.3d 184, 200 (2d Cir. 2007)); *see also Metzler Inv. Gmbh v. Chipotle Mexican Grill, Inc.*, 970 F.3d 133, 148 n.4 (2d Cir. 2020) ("Under Rule 15(a)(2), leave to amend should be freely given unless there is "any apparent or declared reason—such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.") (quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962)). "[I]t is within the sound discretion of the district court to grant or deny leave to amend." *Broidy Cap. Mgmt. LLC v. Benomar*, 944 F.3d 436, 447 (2d Cir. 2019) (quoting *Kim v. Kimm*, 884 F.3d 98, 105 (2d Cir. 2018)).

Because Judge Parker concluded that Plaintiff must state his claims under the laws of Sierra Leone and Liberia—not New York—the Court cannot conclude that further amendment would be futile. The Court therefore grants Plaintiff leave to file another amended complaint solely to cure

the deficiencies identified no later than 30 days from the date of this order. *See Loreley Fin. (Jersey) No. 3 Ltd. v. Wells Fargo Sec., LLC*, 797 F.3d 160, 191 (2d Cir. 2015). The Clerk of Court is directed to terminate the motion pending at Dkt. No. 53.

    SO ORDERED.

Dated: July 6, 2025
       New York, New York

_____
GREGORY H. WOODS
United States District Judge